IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARCHSTONE TOLUCA HILLS LLC,   *

   Plaintiff,   *

   v.   *   Civil Action No. RDB-17-2321

ALLAN WHITING, *et al.*,   *

   Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

Plaintiff Archstone Toluca Hills LLC ("Plaintiff" or "Archstone") brought this action against Allan Whiting, Natasha Moulson, and Stewart Moulson (collectively "Defendants"), alleging unlawful detainer eviction under California law. (ECF No. 2.) Currently pending before this Court are Plaintiff's Motion to Remand (ECF No. 6) and Defendant Stewart Moulson's Motion for Leave to Proceed in *Forma Pauperis* (ECF No. 3). For the following reasons, Plaintiff's Motion to Remand (ECF No. 6) is GRANTED and Defendant Stewart Moulson's Motion for Leave to Proceed in *Forma Pauperis* (ECF No. 3) is GRANTED.

Plaintiff filed the instant Complaint for unlawful detainer on June 2, 2017 in the Superior Court of California, County of Los Angeles. (*See* Compl., ECF No. 2.) Defendant Stewart Moulson was served with copies of the Summons and Complaint on or about June 2, 2017. (Notice of Removal, ECF No. 1 at 1.) On August 14, 2017, Defendant Stewart Moulson filed a Notice of Removal to this Court, *Id.*, and a Motion for Leave to Proceed in *Forma Pauperis*, ECF No. 3. On September 21, 2017, Plaintiff filed a Motion to Remand

1

(ECF No. 6), objecting that the removal was untimely. (Mem. in Support of Pl.'s Mot. to Remand, ECF No. 6.)

The general requirements for removal of a civil action in federal court are:

> [A] notice of removal of a civil action or proceeding shall be filed within <u>30 days</u> after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within <u>30 days</u> after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added). Courts are "obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Additionally, "[d]oubts about the propriety of removal should be resolved in favor of remanding the case to state court." *Kelly v. JP Morgan Chase, National Association*, No. TDC-15-1115, 2015 WL 9183428, at *1 (D. Md. Dec. 17, 2015).

In the present case, Plaintiff objects to Defendant Stewart Moulson's removal as untimely. The Notice of Removal was filed over 70 days after Defendant Stewart Moulson was served, well in excess of Section 1446(b)(1)'s thirty-day deadline. (ECF No. 1 at 1.) None of the Defendants have opposed Plaintiff's Motion to Remand. Therefore, Plaintiff's Motion to Remand (ECF No. 6) is GRANTED and this case is remanded to the Superior Court of California, County of Los Angeles. Further, Defendant Stewart Moulson's Motion for Leave to Proceed in *Forma Pauperis* (ECF No. 3) is GRANTED.

Accordingly, IT IS HEREBY ORDERED this 30th day of October, 2017, that:

1. Plaintiff's Motion to Remand (ECF No. 6) is GRANTED;

2.  This case be and it hereby is remanded to Superior Court of California, County of Los Angeles;

3.  Defendant's Stewart Moulson's Motion for Leave to Proceed in *Forma Pauperis* (ECF No. 3) is GRANTED;

4.  The Clerk of Court forthwith transmit a certified copy of this Order and the record in this case to the Clerk of the Superior Court of California, County of Los Angeles;

5.  The Clerk of the Court transmit a copy of this Memorandum Order to the Parties and Counsel of record; and

6.  The Clerk of the Court CLOSE this case.

_____/s/_____
Richard D. Bennett
United States District Judge
